UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>  Defendants. | Case No. 14-cv-01979-TEH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DENY COSTS** |

This matter is before the Court on Plaintiff's motion to deny or retax costs. (Docket No. 44). The parties stipulated to have this matter decided without oral argument (Docket No. 46), and the Court agrees that oral argument is unnecessary, pursuant to Civil Local Rule 7-1(b). After carefully considering the arguments of the parties in the papers submitted, the Court hereby GRANTS Plaintiff's motion, for the reasons set forth below.

**BACKGROUND**

Plaintiff Conservation Congress is an environmental nonprofit with a single employee and an operating budget in 2013 of approximately $250,000. Boggs Decl. at 1 and Ex. 1 (Docket No. 44-1). Plaintiff filed this lawsuit in 2014 to challenge the federal government's review of the Kelsey Peak timber project in Northern California. Compl. ¶¶ 1-2 (Docket No. 1). The group argued that the United States Forest Service and Fish & Wildlife Service violated the Endangered Species Act, the National Forest Management Act, and the National Environmental Policy Act, by failing to consider the project's effects on the Northern Spotted Owl, the Northern Goshawk, the area's water quality, and other environmentally sensitive subjects. *Id.* ¶¶ 1-95.

In May of 2015, the Court heard argument on the parties' cross-motions for summary judgment. (Docket No. 37). Thereafter, the Court granted summary judgment for Defendants, finding that they complied with all of their statutory obligations, and that

1   the proposed project would actually improve Northern Spotted Owl habitat.  May 7, 2015
2   Order at 31 (Docket No. 38).
3   　　　　Shortly thereafter, Defendants filed a bill of costs for more than $11,000.  Bill of
4   Costs (Docket No. 40).  The Clerk of Court reduced the bill to $4,014.26, for making
5   copies of materials to be used in the litigation, and taxed these costs to Plaintiff.  Taxation
6   of Costs (Docket No. 42).  Through this motion, Plaintiff seeks to avoid or reduce payment
7   of the costs.  Mot. at 1.

## LEGAL STANDARD

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 571, 591 (9th Cir. 2000).

"Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of Mexican-American Educators*, 231 F.3d at 593).

## DISCUSSION

The Court finds that all five of the factors identified above are present in this case. First, this case raised issues of substantial public importance.  The Northern Spotted Owl is listed as threatened under the Endangered Species Act, and there are concerns that its habitat continues to decline as a result of timber harvest.  50 C.F.R. § 17.11 (1990); 2011 Northern Spotted Owl Recovery Plan, FS015741-42.  The Northern Goshawk is also a sensitive species under the Northwest Forest Plan.  FS017011.  The protection of the

United States District Court
Northern District of California

environment is a widely recognized public benefit, and the vigilance of groups like Plaintiff keeps federal officials honest and furthers Congress's intent in remote areas. *See, e.g.*, *Wilderness Soc'y v. Morton*, 495 F.2d 1026, 1033-34 & n.3 (D.C. Cir. 1974), *rev'd sub nom. Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). There is no dispute here that Plaintiff brought this case to protect the environment, rather than for personal gain.

Second, this case was not frivolous, but rather raised close and complex questions. The fact that harvesting timber in sensitive habitat can actually improve the quality of habitat is counterintuitive, and Defendants' conclusion that reductions in tree densities below the levels recommended in regulations was not obviously reasonable. *See* May 7, 2015 Order at 11-13. The Court held a hearing in this matter, and sent the parties several questions ahead of time, including six for Defendants. Order re: May 4, 2015 Hr'g at 2 (Docket No. 36). Although Plaintiff's claims ultimately lacked merit, they brought an appropriate degree of scrutiny to a federal project that could have negatively impacted an environmentally sensitive area.

Third, taxing costs against Plaintiff may have a chilling effect on future litigation. Although the amount of taxable costs in this case is not especially high, it is still more than 80% of what Plaintiff paid its counsel in this case. Boggs Decl. at 2. Given the size of Plaintiff's budget, litigation costs such as these may specifically deter it from bringing further public interest cases because they almost double the total cost of bringing a case. Furthermore, routinely awarding costs against environmental nonprofit plaintiffs decreases the incentives to bring environmental litigation by other plaintiffs in the future.

Fourth, Plaintiff is a nonprofit with fairly limited financial resources. Plaintiff's entire operational budget in 2013 amounted to approximately $250,000, of which nearly half was used for river monitoring, restoration and advocacy through the Living Rivers Program. Boggs Decl. at 1-2 and Ex. 1. Plaintiff has just one employee. Boggs Decl. at 1. Based on its 2013 budget, taxing over $4,000 in costs to Plaintiff would reduce its non-salary and non-Living Rivers Program budget by almost 5%. *See* Ex. 1 to Boggs Decl.

3

1  Fifth and finally, there is a great economic disparity between the parties in this case. As discussed immediately above, Plaintiff is a nonprofit with limited resources. Defendants are agencies of the federal government. While virtually any litigant will suffer an economic disparity when compared to the federal government, not every litigant will face such a great disparity as the parties here, given Plaintiff's small size. The costs of copying the administrative record are paltry to Defendants, but quite meaningful to Plaintiff.

**CONCLUSION**

For the reasons set forth above, the Court finds that the circumstances of this case overcome the Rule 54(d)(1) presumption in favor of awarding costs to the prevailing party. The Court accordingly GRANTS Plaintiff's motion and DENIES the award of costs to Defendants.

**IT IS SO ORDERED.**

Dated: 08/19/15  _____
THELTON E. HENDERSON
United States District Judge

4